SOLMS *v.* McCULLOCH et al.

5      473
36 SC ²532
36 SC ²533

Whether a mortgage dated after acknowledgment, and then recorded, is admissible in evidence—*Query*.

A *sci. fa.* may be maintained on such a mortgage, although the registry may have been improper.

Notice of a mortgage to a purchaser at sheriff's sale, will affect him equally with a registry.

Stipulations by defendant in error cannot be received to avoid an error in the trial of a cause, and it seems they are improperly received on the trial.

Parties to the record may, with their own consent, be examined by the other side, for their evidence is adverse to their interest.

Declarations of counsel, of the extent of his client's claim, are admissible.

Depositions of a witness taken in a suit on a mortgage, which was discontinued for misnomer of plaintiff, properly rejected as evidence to contradict his statements in a deposition taken in a subsequent suit on the same mortgage.

IN error from the Common Pleas of Centre.

This was a *scire facias* upon a mortgage, to the use of Lyon, Shorb & Co., against McCulloch, Dickson, and McNamara, to which the Mechanics' Bank of Philadelphia and Milliken appeared and defended as terre-tenants. The mortgage was dated November 12, 1835, and was recorded on the 23d, but was acknowledged on the 9th of the preceding month. This was rejected by the court, on the ground that the instrument offered in evidence had never been recorded, and was the first exception. The plaintiffs then proved the execution of the mortgage, to which Milliken was a witness, conditioned to pay $10,000, and the assignments to Lyon, Shorb & Co.

The defendants proved a deed from McNamara to Lyon, Shorb & Co. for one-fourth of the mortgaged premises; also a conveyance of one Mitchell's interest in another fourth to McCulloch and Lyon, Shorb & Co., as tenants in common. They also proved judgments against McCulloch and Dickson, subsequent to the mortgage, and a sheriff's sale of the interests of the former to the Mechanics' Bank, and of the latter to Milliken. The balance due by Milliken on this mortgage was $800. The plaintiff then called an agent of Milliken, who stated Milliken knew of the mortgage. He then called the attorney of the Mechanics' Bank, who stated he had heard of the mortgage but had never seen it, and had informed the bank of it.

There were also some bills of exceptions to evidence; the second was to the admission, on the part of defendants, of the depositions of Solms, the plaintiff, on the record; the third was in admitting the declaration of plaintiff's counsel of the extent of the plaintiff's

claim, which was proved by the defendants; the fourth was to the rejection of one of the defendants offered to be examined by plaintiffs with his consent; the fifth was to the rejection of the deposition of a witness, which was offered to contradict his statement in depositions which had been read by the defendants. The rejected deposition had been taken in a former suit on this mortgage, which had been discontinued in consequence of a misnomer of the plaintiffs.

The court (WOODWARD, P. J.) instructed the jury that a *sci. fa.* would lie under the act of 1705, on an unrecorded mortgage, but that defendants, under the facts, were entitled to a verdict on the plea of special matter, (what this was did not appear on the paperbook,) but not on the plea of payment.

*Burnside* and *McAllister*, for plaintiff in error, contended that the mortgage was no deed until delivered, hence the date written in it was immaterial; 1 Watts, 249; 4 Binn. 186; 2 Lev. 35; 10 Serg. & Rawle, 170; 4 Johns. 55; 5 Mass. 538; 14 Serg. & Rawle, 423. That actual notice, or what would put the party on inquiry, was equivalent to a registry; 1 Dallas, 436; 4 Dallas, 453; Jaques *v.* Weeks, 7 Watts, 261; 7 Watts & Serg. 340; 1 Kent, 169, 172.

*J. T. Hale*, contrà.—A blank in a deed cannot be filled up after acknowledgment; Moore *v.* Bickham, 4 Binn. 1; 1 Rawle, 231; 2 Binn. 40; 1 Watts, 236. By the act of Assembly, the deed is to be acknowledged after it was executed.

ROGERS, J.—If the terre-tenants, who are permitted to defend *pro interesse suo*, had either actual or constructive notice of the mortgage, they stand in the same situation with the mortgagors, and accordingly take the land purchased at the sheriff's sale, subject to the lien of the mortgage. The court below, however, as we understood them, being of opinion that the mortgage was defectively registered, and having assumed that there was no evidence of actual notice, directed the jury to find for the defendants.

This raises two questions. 1st. Was the mortgage defectively registered, or in other words had the recorder authority to record the mortgage? and 2d. Was the court right in assuming there was no evidence of actual notice to submit to the jury?

We prefer to rule the cause on the second point. The first raises an open and interesting question, which we are not at this time prepared to decide, in consequence of the necessary absence of one of the judges, and a difference of opinion among those who

heard the argument. Nor is it absolutely required to rule the point now, as the finding of the jury on another trial may supersede the necessity of relying on constructive, by proof of actual notice. It is thought this course may avoid delay, and may ultimately conduce to the benefit of all parties.

Under the submitted facts of the case, says the court, the defendants are entitled to a verdict under the plea of special matter, but not under the plea of payment, and the jury are directed to find accordingly. Under this direction, the jury say they find upon the special matter submitted (and under the opinion of the court) for the defendants, but do not pass on the plea of payment. This is understood to be a general verdict for the defendants, on the assumption and decision of the court, on the facts in evidence, that the purchasers had no notice of the mortgage, either constructive or actual. For although it would seem there was no finding on the principal issue, yet it would appear to be the intention of the verdict to find generally for the defendants, and to exclude the conclusion it was so found, because the money had been paid.

The propriety of the decision on the latter point I propose to consider. Was the court right in assuming that there was no evidence whatever to be submitted to the jury of actual notice? The testimony may not be very strong, yet that there is some evidence it is difficult to gainsay. Mr. Hale says, he had heard of the mortgage at the time of the sheriff's sale, that he was concerned for Joseph Milliken, and that Milliken knew of the mortgage, although he and Dickson alleged Dickson's interest was paid. Mr. Banks testified that he was concerned as counsel for the Mechanics' Bank, that he had heard of the mortgage, but had never seen it, and that he informed the bank of it. In addition, it appears that Joseph Milliken was the subscribing witness to the mortgage. Now although it would be hazardous to say that the evidence leads irresistibly to the conclusion that one at least of the purchasers had notice of the mortgage, yet it is difficult to achieve the belief that there was no evidence whatever proper to be submitted to the jury on this important point. Mr. Hale in so many words says, that Milliken knew of the mortgage, and who can doubt the truth of his statement, when it is remembered that Milliken was one of the subscribing witnesses. It is in vain now to allege that Milliken was put on the record as terre-tenant for form merely; that there has been a settlement between him and Lyon, Shorb & Co. It is true that, on a settlement, a balance was found due from Milligan, and the object of making him a party was to get rid of the amount

due. Nor can it avail the parties now to stipulate, that in case the judgment is affirmed he will take no advantage thereof, but that the balance due from Dickson on the mortgage shall be accounted for by him the same as if no judgment had been had for the defendants on the *scire facias*. The error is on the trial, and a slip of the kind cannot be cured by stipulations afterwards put on the record. Indeed, I fully agree with Mr. Justice Sergeant in Bellas *v.* Lloyd, 2 Watts, 404, that the practice of permitting a party to file papers, even during the trial, affecting the merits of the matters in issue, ought to be discountenanced; and that it is error, for which the judgment will be reversed, if exception is taken to it at the time of its being offered, or when sanctioned by the charge of the court. If improper before and during the trial, it is still more objectionable in the Supreme Court: after judgment, defects or errors in the trial, which affect the merits, cannot be amended in this way. Although the evidence is more conclusive as to Milliken, there is some proof which would seem to bring home knowledge to the bank, for there is reason to believe Mr. Banks was the attorney and agent of the bank in the whole transaction, up to and at the sale. He knew of the mortgage, at least had such knowledge as would put a prudent man on inquiry; and this knowledge he says he communicated to the bank.

The plaintiff assigns for error, that the court erred in rejecting the evidence contained in the first, fourth, and fifth bills, and in admitting the evidence contained in the second and third bills. The first has been already disposed of, and of the remainder, two only, viz., the second and fourth, which depend on the same principle, deserve particular notice. There is no error in the other bills.

The bills referred to involve the principle, whether one of two or more co-defendants is a competent witness for the plaintiffs, with his own consent, and *vice versa*. The court rejected the witness, on the well settled principle that a party to a suit, on principles of policy, cannot be examined as a witness. But this is confined to cases where he is called to testify in favour of his own side, as if in this case General McCulloch had been offered for his co-defendants; but it never has been supposed that the rule has been so unbending as to extend to a case like the present, where one of several co-defendants is offered as a witness by the plaintiff, and is willing to testify. No question of policy interferes; there is no temptation to perjury where a man is willing to give testimony in favour of his adversary and against himself. His declaration in and out of court would undoubtedly be evidence, and why should not his

testimony on oath be received? There is no reason for the distinction; indeed it is better for the co-defendants themselves, that he should be examined in court, where, in case of misapprehension or conversation with the adverse party, he or they are likely to be affected. They would be more apt to succeed if a concert or combination existed, by declarations out of, than in court. In Norman v. Norman & Harvey, 2 Yeates, 154, it is ruled, that in a suit against two partners, one of them, who has not been arrested, may be sworn to prove the quantum of the demand on the part of the plaintiff, but he is not compellable to give evidence. The court say, "David Norman cannot be compelled to give evidence on the part of the plaintiff, but he may be sworn if he has no objection thereto. He is produced to charge the partnership, and therefore swears against his own interest." And in a case lately tried at Nisi Prius, The Commonwealth for use v. Samuel D. Orrick, William Noble and other, Orrick was allowed to testify in favour of the plaintiff against the defendant, because his testimony went to charge himself. If, therefore, the witness was incompetent, it is not because he was a party to the suit, but because of interest; and whether this be a valid objection will depend on the nature of the evidence he was required to give; but unfortunately, as that is not stated, we are without the means of deciding whether his testimony was admissible. As, for example, if General McCulloch was called to prove the amount due on the mortgage, he is competent for that purpose, because his testimony tends to charge himself, at least with the costs of suit. But if he is produced for the purpose of proving that the purchasers at the sheriff's sale and terre-tenants had notice, it is not competent, because the effect of the testimony is to discharge himself from the debt, and throw it upon the terre-tenants, who are liable in respect to the land purchased by them, subject to the lien of the purchase-money, and which forms part of the price which they are bound to pay. For the same reason Solms's deposition was properly admitted. Although a party to the record, he consented to be examined, and the plaintiff has no right to object to it.

Judgment reversed, and *venire de novo* awarded.