**Leo SHOULTZ**

v.

**REVOLVATOR COMPANY, Inc.,**
and
**Joyce-Cridland Company, Inc.**

**Civ. A. No. 24830.**

United States District Court
E. D. Pennsylvania.

Feb. 5, 1959.

Milton M. Borowsky, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Thomas E. Comber, Jr., Pepper, Bodine, Frick, Scheetz & Hamilton, Philadelphia, Pa., for Revolvator Co., Inc.

Glenn A. Troutman, McWilliams, Wagoner & Troutman, Philadelphia, Pa., for Joyce-Cridland Co., Inc.

KIRKPATRICK, District Judge.

This is an action to recover damages for personal injuries suffered by the plaintiff in Pennsylvania. The cause of the accident as pleaded was a defect in a freight elevator in the plant of the plaintiff's employer.

The defendant, Revolvator Company, Inc., (whose motion to dismiss is the only matter now under consideration) is a New Jersey corporation and the elevator was sold by it to the plaintiff's employer, "f. o. b. North Bergen, New Jersey". The sale was arranged through Marchand Handling Machinery Company, a Pennsylvania corporation, at that time a sales representative of the defendant, and the elevator was installed by Marchand. On two occasions thereafter certain adjustments in the electrical system were made by an employee of the defendant sent from North Bergen for this purpose.

The defendant was served with process as a foreign corporation under Rule 4(d) 7 through the Secretary of the Commonwealth of Pennsylvania, pursuant to the provisions of the Pennsylvania Business Corporation Law. The sole question raised by this motion is whether the defendant has been doing any business in Pennsylvania so as to sustain the service of process upon it in accordance with Section 1011(B) of the Law referred to. 15 P.S. § 2852–1011, subd. B.

The plaintiff relies on the terms of the agreement by which Marchand became the defendant's sales representative, together with certain activities of the defendant in Pennsylvania and the fact that one-third of Revolvator's revenues in the last five years were produced by Marchand. Neither the terms of the contract nor the defendant's activities need be detailed here because it cannot be disputed that the activities of the defendant

in this case are far less than those of the foreign corporation defendant in the case of Lutz v. Foster & Kester Co., Inc., 367 Pa. 125, 79 A.2d 222, in which case the Supreme Court of Pennsylvania held the activities insufficient to sustain the service. In this case, as in that one, there was absent what the Supreme Court referred to as a crucial factor, namely, the ability or power of the sales representative in Pennsylvania to bind its principal, and there are no additional activities not present in the Lutz case which could be regarded as bringing the corporation into Pennsylvania so as to supply the "plus" to the solicitation of business carried on here.

As a result of the omission of Section 1011(C) in the extensive 1957 revision of the Business Corporation Law, the principles of the Lutz case today constitute the law of Pennsylvania upon the subject.

Section 1011(C), which was added to the Law by the Act of 1951, was "intended to divorce the Commonwealth from the 'solicitation plus' doctrine of the Lutz decision". Florio v. Powder Power Tool Corp., 3 Cir., 248 F.2d 367, 371. When the legislature by the Act of 1957 enacted a revision of the whole subject of the admission of foreign business corporations, and in doing so dropped from the code the broad definition of "doing business" contained in Section 1011(C), it certainly did not intend to create a vacuum in the law. Pennsylvania had through a long course of decisions by its courts prior to 1951 established a workable definition of doing business. When the legislature dropped the statutory definition from the 1957 Act, the only intent that can logically be imputed to it was to return to the long established definition. " * * * parts of an original act which are omitted from the act as revised are to be considered as annulled and repealed, provided it clearly appears to have been the intention of the legislature to cover the whole subject by the revision", 82 C.J.S Statutes § 293.

It is suggested by the plaintiff that the omission of Section 1011(C) was an inadvertence on the part of the legislature and that, therefore, the Court should apply the definition of doing business contained in the repealed section. I am not satisfied, by any means, that the omission was inadvertent. The plaintiff chiefly relies on a report of a committee of the Pennsylvania Bar which states that it was. I cannot regard this as legislative history. Moreover, since the repeal of the definition of doing business did not in any way impair the Act of the legislature as it was passed or render it absurd or dangerous, I do not think that, even if the inadvertence were proved, the Court could disregard the repeal and treat it as though the section had been reenacted. After all, there is merit in the thought that a statute means no less and no more than what it says, and an individual should not have to research the legislative history of an unambiguous statute to see whether his business or conduct is affected by something which is not in it. Interpretation by legislative history has been carried pretty far by the courts but not that far. "It is always a dangerous business to fill in the text of a statute from its purposes, and, although it is a duty often unavoidable, it is utterly unwarranted unless the omission from, or corruption of, the text is plain", Harris v. Commissioner of Internal Revenue, 2 Cir., 178 F.2d 861, 864. See also 82 C.J.S. Statutes § 328.

It is true that Section 1011(B) refers to a corporation which "shall have done any business in this Commonwealth" and does not use the words "doing business". However, "shall have done any business" is an expression which is indistinguishable from "doing business" or "transacting business", except as to tense.

The motion to dismiss will be granted as to the defendant Revolvator Company, Inc.