Carlysle **ELLIOTT**

v.

**UNITED STATES STEEL EXPORT COMPANY.**

**Civ. A. No. 26576.**

United States District Court
E. D. Pennsylvania.

June 2, 1960.

58

Alan J. White (of Freedman, Landy & Lorry), Philadelphia, Pa., for plaintiff.

Henry T. Reath (of Duane, Morris & Heckscher), Philadelphia, Pa., for defendant.

GOODRICH, Circuit Judge.

This is an action for personal injuries brought by a longshoreman who was injured while unloading a steel shipment in the Port of Philadelphia. The defendant is the United States Steel Export Co., a New Jersey corporation with an office and principal place of business in New York City, New York. Federal jurisdiction is based on diversity of citizenship. The defendant moves to dismiss for lack of personal jurisdiction over it. There are other motions in the case but they do not need to be passed upon if the defendant's motion to dismiss is granted.

In arguing against the motion, the plaintiff has devoted considerable atten-

tion to a discussion of the Supreme Court's opinion in International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. This discussion is completely irrelevant and would be passed over without comment except for the fact that here, as well as in other cases, there seems to be some misunderstanding about the significance of that decision. In International Shoe the Supreme Court was considering constitutional limitations upon how far a state may go in providing for personal jurisdiction of its courts over foreign corporations. But all such discussion becomes relevant only when the state has gone so far as to raise the problem. Developments leading up to the International Shoe case and since that decision [1] are highly interesting and a favorite subject of discussion by law review writers, but they are of no help in determining the question before this Court. "Because a state may exercise jurisdiction it does not follow that it does do so, much less that it must." Partin v. Michaels Art Bronze Co., 3 Cir., 1953, 202 F.2d 541, 542.

■■■ The rule to be applied to determine the personal jurisdiction of the Court in this diversity case is that which prevails in Pennsylvania. Partin v. Michaels Art Bronze Co., 3 Cir., 1953, 202 F.2d 541. The question for the Court here is not how far Pennsylvania may constitutionally go in exercising judicial jurisdiction over a foreign corporation but how far the legislature had taken it as of the time the complaint in this case was filed.

The rule in Pennsylvania prior to 1951 was pretty well settled. It was described as "solicitation plus" and was set out by the Supreme Court of Pennsylvania in a series of decisions. Shambe v. Delaware & H. R. Co., 1927, 288 Pa. 240, 135 A. 755; Lutz v. Foster & Kester Co., 1951, 367 Pa. 125, 79 A.2d 222; Law v. Atlantic Coast Line R. R., 1951, 367 Pa. 170, 79 A.2d 252.[2]

In 1951 the Pennsylvania Business Corporation Law was amended, 15 P.S. § 2852–1 et seq., and the provisions for bringing a foreign corporation into court were changed so that the former doctrine of "solicitation plus" was no longer adhered to.[3]

Then in 1957 there was an extensive revision of the Business Corporation Law and this wider definition of "doing business" was left out. The plaintiff makes an argument on this point to the effect that this omission was inadvertent and that this, combined with the fact that a 1959 amendment, to be mentioned subsequently, reinstated the 1951 rule, shows that the repealed section continued to furnish the definition of "doing busi-

1. See e. g., McGee v. International Life Ins. Co., 1957, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 and Hanson v. Denckla, 1958, 357 U.S. 235, 250–254, 78 S.Ct. 1228, 2 L.Ed.2d 1283.

2. In Shambe v. Delaware & H. R. Co., 1927, 288 Pa. 240, 246–247, 135 A. 755, 757, the court listed the following requisite essentials of "doing business":
   "(1) The company must be present in the state;
   "(2) by an agent * * *
   "(3) duly authorized to represent it in the state * * *
   "(4) the business transacted therein must be by or through such agent * *
   "(5) the business engaged in must be sufficient in quantity and quality * * *
   "(6) there must be a statute making such corporations amenable to suit."
   "The term 'quality of acts' means those directly furthering, or essential to, corporate objects; they do not include incidental acts. * * * By 'quantity of acts' is meant those which are so continuous and sufficient to be termed general or habitual. A single act is not enough." 288 Pa. at page 247, 135 A. at page 757.

3. Section 1011, subd. C of the Pennsylvania Business Corporation Law as added by the 1951 Act read as follows:
   "C. For the purposes of this act, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose with the intention of thereby initiating a series of such acts, shall constitute 'doing business.' " Sept. 26, 1951, P.L. 1475, § 22.

ness" even though its provisions were no longer on the statute book. This is an argument which must be said very fast to make it sound good. We have no basis for saying that the omission in the 1957 revision was inadvertent. Even if it was, what the legislature said is what makes the rule and not what it might have said had its attention been directed to the omitted paragraph. Judge Kirkpatrick put the point concisely in the unreported case of Shoultz v. Revolvator Co. D.C., 186 F.Supp. 62, an opinion filed February 5, 1959: "When the legislature dropped the statutory definition from the 1957 Act, the only intent which can logically be imputed to it was to return to the long established definition." See also Lolli v. Mack Truck, Inc., D.C. E.D.Pa.1958, 170 F.Supp. 671.

■ It is perfectly clear from the undisputed facts of this case that what the defendant corporation did in Pennsylvania came far short of the requirements of the "solicitation plus" rule. Its principal place of business is in New York City. It has no resident employee in Pennsylvania. It does business from the New York office by telephone, letter or sending a representative to the customer. It has made no sales contracts in Pennsylvania, owns no land and leases no office space in Pennsylvania. It has no records, bank accounts, funds or telephone listings here. In other words, all the elements of "doing business" under the "solicitation plus" rule are lacking.

■ There is one more string to the plaintiff's bow. On November 10, 1959, the Pennsylvania rule was again changed in effect restoring the 1951 provision which had been stricken out in 1957.[4] It is to be noted that this legislation comes after the accident (July 1, 1957) and the filing of the complaint in this case (June 26, 1959), after service of process (July 1, 1959), and even after the motion to dismiss had been made (August 5, 1959) but not argued (April 11, 1960).[5] It is true that perhaps this shows a change of legislative policy in Pennsylvania. But the plaintiff's rights are settled as of the time of his accident and his rights in procedural matters such as jurisdiction over the defendant are settled by the law in force at the time his action was begun. Florio v. Powder-Power Tool Co., 3 Cir., 1957, 248 F.2d 367. Furthermore, two provisions of the Pennsylvania Statutory Construction Act state very clearly the rule applicable here:

"No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature." Pa.Stat.Ann., tit. 46, § 556.

"Whenever a section or part of a law is amended * * * the new provisions shall be construed as effective only from the date when the amendment became effective." Pa. Stat.Ann., tit. 46, § 573.

The Florio case is in point. And see also Swavely v. Vandegrift, 1958, 19 Pa. Dist. & Co. R.2d 153, 163, affirmed per curiam 1959, 397 Pa. 281, 154 A.2d 779, 785 and Hughes v. Gilberton Coal Co., 1958, 18 Pa.Dist. & Co. R.2d 329, 331–332.

The clear conclusion from all this is that the action must be dismissed. Therefore, it becomes unnecessary to consider questions of quashing service or additional service. The point is that the defendant was not at the time the action began subject to the jurisdiction of the courts of Pennsylvania.

4. The new Section 1011, subd. C reads as follows:
"C. For the purposes of this section, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business'." 1959–60 Purdon's Pa. Legislative Service 1565.

5. On July 1, 1959, the two year statute of limitations expired.