**Clifford R. ADAMS, Executor of the Estate of Ellen Wurtz, Deceased,**
Plaintiff,

v.

**BOYER CHEMICAL COMPANY, a corporation, Defendant.**

Civ. A. No. 60-271.

United States District Court
W. D. Pennsylvania.

Nov. 4, 1960.

**816**

Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

Weis & Weis, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This matter comes before the Court on defendant's motion to dismiss the complaint for the reason that it is not doing business in Pennsylvania and, therefore, is not subject to service of process by registered mail via the Secretary of the Commonwealth.

Two questions are presented:

1. Whether the activities of defendant are sufficient to constitute the "doing of business" within the Commonwealth of Pennsylvania.

2. Whether in determination of the legal requirement of "doing of business" the law to be applied should be predicated upon the date upon which the accident occurred giving rise to the suit, or upon the date when suit was formally filed.[1]

■■ I am impelled to conclude that the plaintiff's rights are settled as of the time of the accident. No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature. 46 Pa.P.S. § 556. In this connection, I am in accord with the views expressed by the Honorable Herbert F. Goodrich when sitting in the United States District Court for the Eastern District of Pennsylvania, Elliott v. United States Steel Export Company, D.C., 186 F.Supp. 57. Also see Ravner v. Blank, D.C., 189 F.Supp. 471, opinion of Chief Judge Ganey.

The law as to what constitutes the "doing of business" in Pennsylvania would therefore be governed by Lutz v. Foster & Kester Co., 367 Pa. 125, 79 A.2d 222.

■ The law appears well settled in this Circuit that the district court may decide the issue of jurisdiction either itself or refer it to a jury for resolution, 28 U.S.C.A. § 1332(a) (1); Seideman v. Hamilton, 3 Cir., 275 F.2d 224.

■ I am satisfied that based upon stipulation of facts filed by counsel for the parties that sufficient evidence exists for jury determination of the question of whether defendant was engaged in "doing business" on the date of accident under the then existing law.

Motion to dismiss the complaint will be refused.

An appropriate Order is entered.

---

1. The defendant contends that since the accident occurred on July 14, 1959, and amendment to the Business Corporation Law Act of 1951 was not approved until November 10, 1959, 15 Pa.P.S. § 2852–1011, subd. C, that the law in vogue prior to said enactment would have application. The complaint was filed April 18, 1960, being subsequent to the date of the statutory enactment.