Kilian *v.* Allegheny County Distributors
(et al., Appellant).

Argued October 3, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*Norman J. Cowie,* with him *Pringle, Bredin & Martin,* for appellant.

*William C. O'Toole* and *James F. Manley,* with them *McArdle, Harrington & McLaughlin,* and *Burns & Manley,* for appellee.

OPINION BY MR. JUSTICE EAGEN, November 13, 1962:

This is an action of trespass instituted in Allegheny County, Pennsylvania, for personal injuries suffered

by the plaintiff on August 6, 1959, while riding an allegedly defective motorcycle manufactured by one of the defendants, Harley-Davidson Motor Company,[1] and sold and delivered to the plaintiff by the other defendant, Allegheny County Distributors, Inc. Service of process was effected upon the defendant, Harley-Davidson, an unregistered foreign corporation by substituted service upon the Secretary of the Commonwealth of Pennsylvania, under the provisions of the Act of May 5, 1933, P. L. 364, §1101B, as added to by the Act of September 26, 1951, P. L. 1475, §22, as amended, 15 P.S. §2852-1011B.

Harley-Davidson duly filed a preliminary objection to the complaint attacking the service thereof on the sole ground, that on the date of the acts complained of, said defendant was not "doing business" in Pennsylvania. This objection was overruled by the court below on August 29, 1961.

On *September 7, 1961,* Harley-Davidson petitioned the court to stay its order of August 29, 1961, asserting that its acts complained of herein occurred outside of Pennsylvania and, that the Supreme Court of Pennsylvania had recently decided (July 17, 1961) in *Rufo v. Bastian-Blessing Co.,* 405 Pa. 12, 173 A. 2d 123 (1961), that if an unregistered foreign corporation is actually doing business in Pennsylvania, the courts of the Commonwealth may still not assert jurisdiction over the person of said corporation, if the acts complained of occurred outside of the Commonwealth. It requested the right to reargument on the basis of the decision in *Rufo.*[2] On the same day, the court entered an order

---

[1] Hereinafter referred to as Harley-Davidson.

[2] While this petition requested only a reargument, it was in effect, and will be treated as, a request to amend the originally filed preliminary objection, and add thereto another and different reason why the court lacked personal jurisdiction over the defendant.

staying the proceedings pending the disposition of the petition for reargument.

On June 27, 1962, the court dismissed the petition for reargument and refused the defendant, Harley-Davidson, the opportunity of amending the originally filed preliminary objection.

On July 3, 1962, Harley-Davidson appealed from both orders of the court below, e.g., August 29, 1961 and June 27, 1962.

Let us first consider the order of the court below denying the defendant the opportunity to amend.

The Pennsylvania Rules of Civil Procedure require that all objections shall be specifically stated and whether they relate to jurisdiction or to errors of form or substance in the complaint shall be raised at one and the same time. The rules further specify that all defenses, not raised in said objections, are waived. Pa. R. C. P. Nos. 1028, 1032. See, *Yentzer v. Taylor Wine Company, Inc.,* 409 Pa. 338, 186 A. 2d 396 (1962). By the same token, procedural rules are to be liberally construed, to the end that a just determination of the issue may ensue. See, Pa. R. C. P. No. 126; *Esso Standard Oil Company v. Taylor,* 399 Pa. 324, 159 A. 2d 692 (1960); and, *Miners Savings Bank v. Naylor,* 342 Pa. 273, 20 A. 2d 287 (1941).

The amendment of pleadings[3] is a matter for the exercise of a wise and judicial discretion in the court below. The right to amend should be liberally granted at any stage of the proceedings, unless there is an error of law *or resulting prejudice to an adverse party.* See, Pa. R. C. P. Nos. 126 and 1033; also, *Esso Standard Oil Co. v. Taylor,* supra, and *Miners Savings Bank v. Naylor,* supra.

---

[3] Preliminary objections are a pleading. See 2A Anderson Pa. Civ. Pract., 380.

In this case, the cause of action arose on *August 6, 1959,* or some date previously. The original preliminary objection was filed on December 6, 1960. The request to amend the objection and assert a reason not included originally was filed on *September 7, 1961,* or more than two years after the cause of action came into being.[4]

This was the posture of the proceedings at all times in the court below and, specifically, when the decision of the court was rendered on June 27, 1962. In view of the circumstances, the court correctly denied the request to amend since to permit such would result in serious prejudice to the rights of the plaintiff. If the objection, which was the subject of the amendment, were sustained, the defendant would enjoy a complete defense to the action because of the Statute of Limitations.

Sensing this situation, when this case came up for argument before this Court on October 5, 1962, counsel for Harley-Davidson ingeniously filed a written stipulation (for the first time) with this Court, stating that in the event the requested amendment was now permitted, that the plaintiff would be given an additional one hundred and thirty-nine days[5] from the date of such decision to institute an action in another and proper jurisdiction against Harley-Davidson, without the defense of the Statute of Limitations being raised or available.

This stipulation will not be considered. The scope of our review on the question under discussion is

---

[4] Harley-Davidson is a Wisconsin corporation. That state would apply the Statute of Limitations controlling in the state where the injury occurred (Pennsylvania). See, 15 C.J.S., Conflict of Laws, §12 N. 63; and, *Wojciuk v. U. S. Rubber Co.,* 13 Wis. 2d 173, 108 N.W. 2d 149 (1961).

[5] This is the number of days remaining before the expiration of the statute upon the date the original preliminary objections were filed.

whether or not the lower court abused its discretion in denying the proposed amendment. That issue must be resolved on the basis of the facts before the lower court and in the record upon the date the court rendered its decision. Clearly, under the facts then present, there was no abuse of discretion. To permit the proposed addition to the record at this late date would be grossly unfair and establish a very dangerous precedent. If counsel had filed the stipulation involved in the court below before decision, it would be a horse of another color. The delay was his, as is the responsibility for the resulting consequences. It is fundamental that an appellate court will not consider on appeal a question not raised in the court below: *Danovitz v. Portnoy*, 399 Pa. 599, 161 A. 2d 146 (1960). Nor are questions depending upon certain facts available on appeal, where such facts are not in the record: *Walter v. Sun Fire Office*, 165 Pa. 381, 30 A. 945 (1895); *Central Bank of Pittsburgh v. Earley*, 113 Pa. 477, 6 A. 236 (1886); and, *Brolasky's Estate*, 309 Pa. 30, 163 A. 292 (1932). Stipulations, which in effect, present to the appellate court a different case from that presented below will not be considered. See, *Goddard v. Armour and Co.*, 136 Pa. Superior Ct. 158, 7 A. 2d 79 (1939); and *Solms v. McCulloch*, 5 Pa. 473 (1846).

Nor do we find merit in appellant's argument that *Rufo*, supra, effected a basic change in the law subsequent to the date the preliminary objections were originally filed. The statute, supra, involving substituted service upon an unregistered foreign corporation, *which Rufo interprets*, was enacted on July 11, 1957, and in effect at all times subsequent thereto. True, no decision construing the meaning of the statute was given by this Court until *Rufo*. Certainly this fact did not preclude the defendant from protecting its rights by timely and properly raising the question of jurisdiction over its person.

Was the defendant "doing business" in Pennsylvania on dates relevant, under subsection C of section 1011 of the Act of 1959, P. L. 1406, §1, 15 P.S. §2852-1011?[6] It appears that the accident occurred on August 6, 1959. The sale to the plaintiff of the motorcycle occurred prior to that date. Suit was filed on November 10, 1960, and service effected on the same day. Subsection C of section 1011 was originally enacted on September 10, 1951. It was repealed by the legislature on July 11, 1957. It was re-enacted on November 10, 1959. In short, subsection C of section 1011 was not in effect when the cause of action arose, but was in effect at the time the suit was instituted and service of the complaint effected.

The position of the appellant is that the determination of whether the corporation was "doing business" in Pennsylvania must be measured by the law in effect as of the date the operative facts occurred, the latest being August 6, 1959. It is conceded that under the Act of 1959, supra, the activities of Harley-Davidson were sufficient to constitute "doing business" in Pennsylvania. See, *Swavely v. Vandegrift,* 397 Pa. 281, 154 A. 2d 779 (1959). However, it is argued that the Act of 1959 is not relevant nor applicable, and that, under the old case law, the activities of Harley-Davidson did not constitute "doing business" in Pennsylvania. We cannot subscribe to this position.

The Act of 1959, supra, dealt with a procedural matter, i.e., service of process. While substantive rights are settled as of the time the cause arises, rights

---

[6] This provides: "C. For the purposes of this section, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.' "

in procedural matters, such as jurisdiction and service of process, are determined by the law in force at the time of the institution of the action. See *Baker v. Aetco Equipment Co.*, 19 Pa. D. & C. 526 (1958) ; *Elliott v. United States Steel Export Co.*, 186 F. Supp. 57 (1960) ; *Florio v. Powder Power Tool Corporation*, 248 F. 2d 367 (3d Cir., 1957) ; *Koll v. Pickford*, 353 Pa. 118, 44 A. 2d 276 (1945) ; *Swavely v. Vandegrift*, supra; *Pharmaceuticals, Inc. v. Hess Brothers, Inc.*, 24 Pa. D. & C. 2d 299 (1960) ; *Wichita Railroad and Light Co. v. Public Utilities Commission*, 260 U. S. 48, 43 S. Ct. 51 (1922) ; Statutory Construction Act of May 28, 1937, P. L. 1019, §96, 46 P.S. §596; Restatement, Conflict of Laws, §92.

Orders affirmed.