**Murrell v. Chadderton Services, Inc.**

*Cyril T. Garvey,* for plaintiffs.
*Frank G. Verterano,* for defendants.

STRANAHAN, P. J., January 6, 1972.—This case is an action in assumpsit in which defendants filed a preliminary objection to plaintiffs' amended complaint.

On January 12, 1971, the court sustained the first preliminary objection of defendants and directed that plaintiffs file an amended pleading within 20 days from the date of the order.

Plaintiffs filed an amended complaint on October 26, 1971, which is 287 days from the date of the order.

Defendants have now asked this court to strike off the amended complaint and dismiss the action for the reason plaintiffs have not complied with the order directing them to file an amended complaint within 20 days of January 12, 1971.

This is the first action that defendants have taken since January 12, 1971. At no time during this interval did defendants ask the court to enforce its order or did they request that disposition be made of the case for the failure to file an amended complaint.

It appears to this court that the statute of limitations has not run on any portion of plaintiffs' claim, and, therefore, if the court were to grant defendants' request it would be doing nothing more than placing plaintiffs in a position where they would be required to file a new complaint. This procedure would unfairly penalize plaintiffs for the carelessness of their attorney, but would do nothing more than that and would make no disposition of the case, but rather would postpone it until the matter could again be brought to issue.

Defendants argue that they have been prejudiced by the failure of plaintiffs to file a complaint, but this

court does not find that that is so, since defendants had the right at any time after the 20-day period expired to take the initiative in protecting themselves.

Pennsylvania Rule of Civil Procedure 126 provides:

"The rules shall be liberally construed to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

This rule gives the court discretion in expediting the trial of cases, and we are inclined to believe that the spirit of the rule indicates that the court should permit the late filing of the complaint provided it does not prejudice defendants.

This court has previously involved itself in a somewhat similar situation in Jones v. Bell Telephone Company, Ashland Oil and Refining et al., March term, 1966, No. 282, in the Court of Common Pleas of Mercer County, Pa. In that case, the additional defendant failed to file an answer to the complaint joining him within the normal 20 days, but rather waited for 171 days and then filed an answer and new matter. This court ruled that while it did not approve of this manner of pleading, yet, since defendant was not prejudiced, the court would not strike the answer and new matter.

In our research of the law we find a lower court case of Commonwealth v. Pennsylvania Coal Company, 80 Dauph. 319 (1959). This case has an identical factual situation to the present case, and the court applied Pa. R. C. P. 126 and holds that, in the absence of prejudice, the court will not strike the pleadings.

In Kilian v. Allegheny County Distributors, 409 Pa. 344, at page 347, the court states:

"By the same token, procedural rules are to be liber-

ally construed, to the end that a just determination of the issue may ensue."

We do not by this opinion intend to indicate to plaintiffs' counsel that we approve of what he has done here. Our first inclination in this matter was to grant the motion to strike, thereby requiring plaintiffs' counsel to stand the expense of paying the costs in the present case and the expense of commencing another action. We have not done this because we are inclined to think that this procedure would be unfair to plaintiffs who have the right to have their case litigated as expeditiously as possible. We do strongly suggest that plaintiffs' counsel comply with the order of this court in the future, and in the event that such compliance is impossible, plaintiffs should ask this court for additional time rather than disregarding an order of court.

### ORDER

And now, January 6, 1972, defendants' motion to strike the amended complaint in assumpsit is refused.