## Wilk, Appellant, *v.* Ensign-Bickford Co.

Argued March 16, 1966. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Tom P. Monteverde,* with him *Schnader, Harrison, Segal & Lewis,* for appellant.

*Arthur R. Littleton,* with him *Morgan, Lewis & Bockius,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, April 19, 1966:

The issue presented on this appeal is whether Rule 1252 of the Pennsylvania Rules of Civil Procedure authorizes the issuance of a writ of foreign attachment in an action brought in trespass to recover for injuries sustained in Pennsylvania where the negligent acts or omissions upon which the suit is predicated occurred without the State.

Plaintiff [appellant] instituted wrongful death[1] and survival[2] actions against defendant foreign corporations. Recovery was sought for injuries sustained by reason of the death of plaintiff's decedent in an industrial accident in Pennsylvania alleged to have been caused by the negligence of defendants in the manufacture in Connecticut of a product used by the decedent in the course of his employment.

Suit was begun pursuant to Rule 1252 by the issuance of a writ of foreign attachment and the filing of

---

[1] Act of April 15, 1851, P. L. 669, §19, 12 P.S. §1601.

[2] Act of April 18, 1949, P. L. 512, §601, 20 P.S. §320.601.

a complaint in trespass. Assets of defendants located in Pennsylvania were attached.

Defendants entered appearances to challenge the attachment[3] and filed preliminary objections seeking to have the action dismissed on the ground that foreign attachment did not lie under the facts of the case. The preliminary objections were sustained and an order entered dissolving the attachment. This appeal followed.

Rule 1252 of the Pa. R. C. P. provides: "A foreign attachment may be issued to attach property of a defendant not exempt from execution, upon any cause of action at law or in equity, *other than an action ex delicto arising from acts committed outside the Commonwealth,* in which the relief sought includes a judgment or decree for the payment of money when . . . (3) the defendant is a foreign corporation . . . ." (Emphasis supplied.)[4]

The court below concluded that Rule 1252 could not be employed in this context by reason of the exception therein respecting actions ex delicto "arising from *acts* committed outside the Commonwealth." Since the alleged negligent acts of defendants in the manufacture of the instrumentality took place in Connecticut, the court held that the instant attachment was precluded, irrespective of the fact that the accident and injury which gave rise to the cause of action occurred in Pennsylvania. In this the court erred and its order dissolving the attachment may not be permitted to stand.

Prior to the promulgation of Rule 1252, foreign attachment in this Commonwealth was governed entirely by statute. Initially no provision was made for the

---

[3] "The defense of immunity or exemption of property from attaching . . . may be raised by the defendant without thereby subjecting himself to the jurisdiction of the court (1) by preliminary objection under Rule 1017(b) (1) . . . ." Pa. R. C. P. 1271.

[4] Adopted April 12, 1954 to become effective October 1, 1954, as amended, July 21, 1961 to become effective October 1, 1961.

commencement of suit by foreign attachment in actions of trespass and so the matter continued until 1905 when the Legislature extended foreign attachment to "actions ex delicto for a tort committed within this Commonwealth." Act of June 13, 1836, P. L. 568, §44, as amended and extended by the Act of March 30, 1905, P. L. 76, §1, 12 P.S. §2891; see *Alpers v. New Jersey Bell Telephone Co.,* 403 Pa. 626, 628-30, 170 A. 2d 360, 361-62 (1961). At the time this amendment was added, a tort was viewed as having been committed at the place where the last act or injury occurred and the cause of action accrued. Cf. *Openbrier v. General Mills,* 340 Pa. 167, 169, 16 A. 2d 379, 380 (1940); *Mike v. Lian,* 322 Pa. 353, 356, 185 Atl. 775, 777 (1936). Thus, as the law stood prior to Rule 1252, foreign attachment was authorized to issue in an action brought in trespass against a foreign corporation when the injury sought to be redressed occurred in Pennsylvania.

Rule 1252 initially provided: "A foreign attachment may be issued to attach property of a defendant not exempt from execution upon any cause of action at law or in equity in which the relief sought includes a judgment or decree for the payment of money . . . ." In *Alpers v. New Jersey Bell Telephone Co.,* 403 Pa. 626, 170 A. 2d 360 (1961), it was urged that the failure to include the statutory phrase "actions ex delicto for a tort committed within the Commonwealth" in Rule 1252 operated to extend the scope of foreign attachment to cases involving torts committed outside the State. There foreign attachment was sought to be employed to institute an action of trespass arising out of a motor vehicle accident in New Jersey. The trial court granted defendant's motion to strike the complaint and for judgment of non pros. on the ground that foreign attachment did not lie for a tort committed outside of Pennsylvania.

In affirming that action, this Court stated: "In view of the clear restriction of the writ of foreign attachment in actions ex delicto to *torts committed within the Commonwealth* . . . prior to the promulgation of Rule 1252, it was . . . not intended by this Court that Rule 1252 change or alter a rule of law . . . so firmly established . . . . The court below very properly held that a writ of foreign attachment in an action ex delicto will not lie for torts committed outside the Commonwealth's boundaries." *Alpers v. New Jersey Bell Telephone Co.,* supra at 630, 170 A. 2d at 362. (Emphasis supplied.)

Following the decision in *Alpers v. New Jersey Bell Telephone Co.,* supra, the language of Rule 1252 was amended to its present form. Defendants, however, urge that the amendatory language, by adopting the phrase "acts committed" rather than "torts committed" outside the Commonwealth, was intended to restrict the scope of foreign attachment from that existing prior to Rule 1252. We do not agree. No more was intended by the amendment of Rule 1252 than to bring the provision into conformity with our decision in *Alpers v. New Jersey Bell Telephone Co.,* supra, see 2 Goodrich-Amram, Pa. Std. Practice, Rule 1252 (Commentary) (Supp. 1965), and with the prior statutory law.

In *Vant v. Gish,* 412 Pa. 359, 194 A. 2d 522 (1963), decided subsequent to the amendment of Rule 1252 upon which defendants rely, foreign attachment was sought to be employed to institute an action of trespass to recover for an injury alleged to have been sustained in California. In affirming the dissolution of the attachment by the trial court, this Court made no reference to the amendatory language as restricting the scope of foreign attachment from that existing under prior statutory law. To the contrary, the Court stated: "[B]y subsequent amendment of Rule 1252 . . . jurisdiction to issue writs of foreign attachment in tort

cases is strictly limited to *torts committed within this Commonwealth.*" Id. at 366, 194 A. 2d at 526. (Emphasis supplied.)

Moreover, an examination of the opinion clearly reveals that the Court's determination that jurisdiction to issue the writ was lacking under the facts alleged was based on its conclusion that the injury for which redress was sought occurred in California.

Defendants urge that we require plaintiff to seek them out in Connecticut even though the injury for which redress is sought occurred in Pennsylvania. Were we to adopt the construction of Rule 1252 urged by defendants, a foreign corporation which is not amenable to *in personam* jurisdiction under the provisions of the Business Corporation Law, Act of May 5, 1933, P. L. 364, as amended, 15 P.S. §2852-1011B, and which places a defective instrumentality into the stream of commerce causing an injury in Pennsylvania, would be insulated from answering in our courts even though assets were available for attachment here. We reject such a construction. Since 1911,[5] when the writ of foreign attachment was first authorized to issue in actions ex delicto involving foreign corporations, it has been the law of this Commonwealth that a foreign corporation with assets located in Pennsylvania not exempt from attachment may be compelled to appear and defend on the merits, or failing that, to make redress to the extent of those assets,[6] for torts committed in Pennsylvania. Rule 1252 was not intended to change or alter that law.

---

[5] Act of June 21, 1911, P. L. 1097, §1, amending the Act of June 13, 1836, P. L. 568, as amended by the Act of March 30, 1905, P. L. 76, 12 P.S. §2891.

[6] See 2 Goodrich-Amram, Pa. Std. Practice, Rule 1269 (Commentary) (1962).

Accordingly, the order of the court below sustaining defendants' preliminary objections is reversed with a procedendo.

Mr. Justice JONES and Mr. Justice EAGEN dissent.