Sussman *v.* Yaffee et ux., Appellants.

Argued January 14, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

reargument refused April 14, 1971.

*Bernard C. Bryman,* with him *William A. Robbins,* for appellants.

*Walter W. Rabin,* with him *Meltzer & Schiffrin,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, March 18, 1971:

This appeal raises the question of whether or not the validity of service of process under Act No. 152, *approved July 1, 1970*, 12 P.S. §§341-346 (Supp. 1971),* which provides, in certain enumerated instances, for service on nonresidents, is to be measured as of the date the action is instituted or as of the date the operative facts occurred.

On June 10, 1970, defendants (appellants) sold property in Montgomery County to the plaintiffs (appellees). The next day, the defendants moved to Florida. On July 2, 1970, the plaintiffs filed a complaint in Equity alleging that the defendants had misrepresented the condition of the property and had "maliciously, fraudulently, and with the intention to deceive plaintiffs" concealed certain serious structural defects on the property. The prayer of the complaint was for rescission and reconveyance, and for compensatory and punitive damages resulting from the alleged tortious conduct. The complaint was served upon the defendants in Florida by certified mail on July 11, and July 21, 1970.

Defendants filed preliminary objections raising the question of jurisdiction over the person. Defendants' preliminary objections were dismissed by the Court en banc, which directed plaintiffs "to effect service of the complaint in equity upon the defendants by service upon the Secretary of the Commonwealth pursuant to Act

---

* Act No. 152 is the latest in a series of attempts by the Legislature to provide our Courts with increased jurisdiction over nonresident defendants. For a detailed discussion of this generally troublesome area of the law, see, Romito and Brightbill, *International Shoe and Long-Arm Jurisdiction—How About Pennsylvania?*, 8 Duquesne Law Review 319 (1970).

No. 152."* Plaintiffs thereafter served defendants by service upon the Secretary of the Commonwealth; whereupon defendants took this appeal.

For the purposes of this appeal, it is assumed that the defendants committed a tortious act within the Commonwealth prior to the passage of the aforesaid Act, and that they became nonresidents thereafter. The sole issue, therefore, is whether or not the Act applies to nonresidents who had been residents of Pennsylvania and had committed tortious conduct in our State before the passage of the Act.

Act No. 152 provides, in pertinent part: *"From and after the passage of this act, any nonresident of this Commonwealth who . . . shall have committed a tortious act within this Commonwealth,*\*\* or any such individual who at the time of the commission of the tortious act within the Commonwealth was a resident of this Commonwealth who shall subsequently become a nonresident or shall conceal his whereabouts, shall be conclusively presumed to have designated and constituted the Secretary of the Commonwealth of Pennsylvania as his agent for the service of process in any civil action or proceedings instituted in the courts of the Commonwealth of Pennsylvania against such individual."

It is appellants' contention that the words "who shall have committed" actually mean "who shall commit," and therefore the Act can be utilized against non-

---

* Procedurally, plaintiffs initially proceeded pursuant to Pa. R. C. P. 1504(b)(2)(b), which allows service of process in Equity actions to be made upon a defendant outside the State by registered mail if the subject matter of the action is property within the jurisdiction. Plaintiffs in this appeal appear not to be pressing the efficacy of service under Rule 1504, and we need not express an opinion in this regard, in view of our determination of the propriety of service under Act No. 152.

\*\* Italics, ours.

residents *only for incidents occurring after* its effective date. We disagree. We cannot change the clear language of the Act. If the Legislature had intended to say "who shall commit," with its obvious import, then that is what they would have said.

Furthermore, aside from the semantical niceties in which appellant urges us to indulge, it is well established that when the General Assembly enacts legislation such as Act No. 152 providing for service of process on nonresidents, it is deemed to have created a procedural right to be given full effect as of the time an action is instituted. In *Kilian v. Allegheny County Distributors,* 409 Pa. 344, 185 A. 2d 517, we interpreted §1011 (now §2011) of the Business Corporation Law of 1933, P. L. 364, as amended, which provides for service of process on unregistered corporations "doing business" in the Commonwealth as applying as of the date the action was filed, although the statutory amendment was not in effect when the operative facts occurred. We pertinently said (pages 350-351): "The Act of 1959, supra, dealt with a procedural matter, i.e., service of process. While substantive rights are settled as of the time the cause arises, rights in procedural matters, such as jurisdiction and service of process, are determined by the law in force at the time of the institution of the action." Accord: *Frisch v. Alexson Equipment Corp.,* 423 Pa. 247, 224 A. 2d 183.

Decree affirmed, appellants to pay costs.