## St. Joseph's Parish of Sharon
## v. W. B. Gibson Company

754

*Cyril T. Garvey,* for plaintiff.

*P. Raymond Bartholomew,* for defendants.

STRANAHAN, P. J., March 23, 1972.—This is a suit in assumpsit brought by plaintiff against the various defendants who were concerned with the design and construction of a church and rectory in the City of Sharon, known as St. Joseph's. The building was substantially completed in August of 1965 and, after completion, the roof of the church began to leak.

The complaint in assumpsit names, among other defendants, Stickle and Associates, a/k/a Stickle International. This is the architectural firm which designed the church building.

On February 25, 1971, plaintiff petitioned the court for authority to make services under Pennsylvania Rule of Civil Procedure 2180(c). In response to that petition the court signed an order authorizing service on Stickle and Associates by sending a true and attested copy of the writ of summons in assumpsit by certified mail, return receipt requested, to the Secretary of the Commonwealth of Pennsylvania, and to defendant at 2422 Prospect Avenue, Cleveland, Ohio, with the copy to defendant endorsed with notice that service was made on the Secretary of the Commonwealth. The return receipt was to be attached to the sheriff's return.

This procedure apparently was followed by plaintiff and resulted in defendant, Stickle and Associates filing a preliminary objection in the nature of a petition raising a question of jurisdiction.

The petition contains factual matter which is unanswered by plaintiff and is to the effect that Stickle and Associates is a sole proprietorship rather than a corporation or other similar entity, and, therefore, plaintiff has not obtained proper service, because Pa. R. C. P. 2180 deals with service on a corporation or other similar entity.

Plaintiff responds to all of this by taking the position that if Stickle and Associates is not a corporation or similar entity as defined by Pa. R. C. P. 2176, then service has been effected under the Act of July 1, 1970, P. L. 444, 12 PS §341, et seq.

Defendant raises two arguments in response to this contention, the first being that the statute applies only to those acts which occurred "from and after the passage of this act. . .," and that since the act was not passed until July 1, 1970, it has no applicability to this situation.

The second contention is one resulting from a misreading of the statute in that defendant argues that it cannot be used for service against an individual unless he has an agent in the Commonwealth. This latter argument has no merit, since the legislature is enumerating in the statute various situations and one of these situations deals with service of a nonresident who is acting individually.

The question of whether the act which gave rise to the harm must have occurred after July 1, 1970, is not the criteria for the application of the statute. If the service was made after July 1, 1970, then, this being a procedural matter, there is compliance with the act, since the statutes do not deal with a substantive problem but rather with a procedural problem.

In Sussman v. Yaffee, 443 Pa. 12, the court meets this issue squarely and concludes that these statutes are applicable if service was effected after July 1,

1970, even though the incident that gave rise to the suit may have occurred prior to that time.

This ruling is consistent with Kilian v. Allegheny County Distributors, 409 Pa. 344; Myers v. Mooney Aircraft, Inc., 429 Pa. 177, and Overseas National Airways v. Saloom, 10 Mercer L. J. 132 (1970).

We, therefore, conclude that, while plaintiff intended to make service against defendant, Stickle and Associates, under Pa. R. C. P. 2180 because he believed that defendant was either a corporation or other similar entity, the necessary steps to effect service under 12 PS §341, et seq., were followed, and, therefore, proper service was made and that this court has jurisdiction.

Such being the case, defendant's preliminary objection must be overruled.

## ORDER

And now, March 23, 1972, the preliminary objection of defendant is overruled and exceptions are granted to defendant from the ruling of this court.