### Bork v. Mills

*John Philip Diefenderfer* and *James W. Tracey, 3rd*, for plaintiff.

*James J. McCabe*, for defendants.

HIRSH, J., June 21, 1972.—This matter is before the court on preliminary objections of both defendants, each raising the question of jurisdiction.

On July 11, 1969, plaintiff was a passenger in a car being operated by her father, Harry Carrell Crawford, which was involved in an accident in the State of Virginia, with a vehicle being operated by defendant, Mills. Harry Carrell Crawford died and on September 27, 1971, letters of administration were issued by the Register of Wills of Philadelphia County to defendant, Thomas H. Crawford, a son of decedent, who resides in Bucks County, Pa., as administrator, as a creditor, under the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.305(4) by reason of assets allegedly in the County of Philadelphia.

The complaint filed on December 31, 1970, set forth that Thomas H. Crawford had been appointed administrator on December 16, 1970, although it appears that letters of appointment had not been issued until September 27, 1971. Petition for such letters had been filed in December, 1970, but by reason of the filing of a caveat, issuance of such letters of administration was withheld until September 27, 1971.

Service of the complaint was made on defendant Mills by certified mail to the Secretary of the Commonwealth and personal service at his residence in the State of Maryland. Defendant, Mills, a truck driver, resides in Maryland. The accident occurred in Virginia and no factual allegation of defendant Mills doing business in this State has been set forth. The "long arm" statute, 12 PS §342, approved July 1, 1970, cannot be invoked in the absence of factual allegation of an act of doing business. A mere conclusion is insufficient. While substantive rights are settled as of the time the cause arises, rights in procedural matters such as jurisdiction are determined by the law in force at the time: Sussman v. Yaffee, 443 Pa. 12, 15 (1971), and accordingly, if applicable, proper service under the long arm statute would be effected. In this instance,

no facts are alleged which would enable plaintiff to invoke this act to obtain jurisdiction. The preliminary objection of defendant Mills must be sustained.

Defendant Thomas Crawford's preliminary objection to the complaint is based on the Fiduciaries Act, 20 PS §320.603, providing that a survival death action must be brought against the personal representative, the executor or administrator of the decedent's estate.

"An action or proceeding to enforce any right or liability which survives a decedent may be brought by or against his personal representative alone or with other parties as though decedent were alive": Act of April 18, 1949, P. L. 512, art. VI, sec. 603.

Service on defendant, Thomas Crawford, as administrator of the estate of Harry Crawford, deceased, purportedly effected on January 8, 1971, is null and void inasmuch as Thomas Crawford was not appointed as such administrator until several months later in September, 1971. The filing of a petition for the appointment of an administrator does not authorize nor empower the individual suggested as administrator, to assume the powers, privileges or obligations of a duly appointed administrator and consequently service of process upon him, before issuance of letters of administration, is ineffective to confer jurisdiction.

Accordingly, it is therefore ordered that defendant, Robert Henry Mills' preliminary objections raising a question of jurisdiction are sustained, and that defendant, Thomas A. Crawford's preliminary objections raising a question as to jurisdiction are sustained and the complaint is dismissed.