Deere, et al., Appellants, *v.* Zilber, et al.

274

Argued November 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Joseph B. Bagley*, with him *Bagley, Weaver, Sydor & Heck*, for appellants.

*R. Garrett*, with him *Theodore E. Breault*, and *Egler, McGregor & Reinstadtler*, for appellees.

OPINION BY PRICE, J., April 22, 1975:

This is an appeal from an order of court dated November 7, 1973, sustaining appellee's preliminary objections in the nature of a Motion to Quash Service of Process through the Secretary of the Commonwealth, which challenges the jurisdiction of the court.

The appellee, Viking Sauna Company, was a general partnership organized and operating under the laws of the State of California. Norman Zilber was an individual residing in the State of California. The appellants, Alan Deere and John W. Koose, were doing business as a general partnership (Suncrest Golf Club) in the Commonwealth of Pennsylvania.

On or about January 11, 1970, a fire occurred at the premises of the Suncrest Golf Club and seriously damaged the clubhouse facilities. The fire began in a sauna unit manufactured by the appellee, and distributed to its licensee, Viking Sauna of Pennsylvania, who sold the unit to the appellants on or about January 18, 1966.

On May 11, 1973, the appellants filed a Complaint in Trespass against the appellees in the Court of Common Pleas of Butler County, Pennsylvania. Service of process on Norman Zilber was effectuated via Rules 2076-2100 of the Pennsylvania Rules of Civil Procedure. The Viking Sauna Company was served pursuant to the Pennsylvania Long-Arm Statute, Act of Nov. 15, 1972, P.L. 1063, No. 271, §8301 (42 Pa.C.S. §8301) *et seq.* On May 11, 1973, a certified copy of the Complaint was sent by certified mail to the Secretary of the Commonwealth of Pennsylvania and receipt was returned signed on May 16, 1973. On May 18, 1973, copies of the Complaint were served on the appellees through certified mail and signed receipts were returned on the 21st and 23rd of May.

On June 29, 1973, the appellees filed preliminary objections in the nature of a Motion to Quash Service of Process through the Secretary of the Commonwealth. These objections were sustained and service of process

was quashed by the lower court on November 7, 1973. The lower court based its decision on its belief that the Long-Arm Statute did not apply.

Since we find the service of process to be proper, the Order of November 7, 1973, must be reversed and we will permit the service of process upon the appellees to stand.

Appellants contend that jurisdiction and service of process are procedural matters thereby making the date of the institution of the suit the controlling date, thus invoking the provisions of the Long-Arm Statute. The provisions of the Long-Arm Statute provide for retroactive application to August 30, 1970. In this case the cause of action occurred on January 11, 1970, which admittedly precedes the August 30, 1970, date. However, we agree with appellants that the controlling date for this case is the date on which suit was instituted, May 11, 1973.

The basis of jurisdiction and the manner of service upon defendants, both procedural matters, are provided for in the Long-Arm Statute. While substantive rights are settled as of the time the cause of action arises, rights in procedural matters, such as jurisdiction and service of process, are determined by the law in force at the time of the institution of the action. *Sussman v. Yaffee,* 443 Pa. 12, 275 A.2d 364 (1971) ; *Kilian v. Allegheny County Distributors,* 409 Pa. 344, 185 A.2d 517 (1962).

Therefore, the statute will apply to appellees provided that the "doing business" test set forth in the statute was satisfied. *See* 42 Pa.C.S. §8304.

"Doing business" for the purpose of the Long-Arm Statute is defined by §8309 of that Act. Section 8309 states:

"(a) General rule—Any of the following shall constitute 'doing business' for the purposes of this chapter:

(1) The doing by any person in this Commonwealth of a series of similar acts for the purpose of

thereby realizing pecuniary benefit or otherwise accomplishing an object.

(2) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

(3) The shipping of merchandise directly or indirectly into or through this Commonwealth.

(4) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by the Commonwealth or any of its agencies.

(5) The ownership, use or possession of any real property situate within this Commonwealth."

The nonresident appellee, Viking Sauna Company, is a general partnership organized and operating under the laws of the State of California and having its only place of business and home office located in San Jose, California. However, prior to January 18, 1966, the appellees had sold sauna bath heaters to Viking Sauna of Pennsylvania. These heaters were sold in interstate commerce and transferred to common carriers in San Jose, California, for delivery in Pennsylvania. This activity meets the definition contained in definition (3) of "doing business" as stated above as the appellee knew, by reason of the sale to Viking Sauna of Pennsylvania, that its sauna heaters would eventually end up in Pennsylvania. *See Image Ten, Inc. v. Walter Reade Organization, Inc.*, 456 Pa. 485, 322 A.2d 109 (1974).

The purpose of the Pennsylvania Long-Arm Statute is to protect Pennsylvania residents by bringing within the reach of legal process foreign corporations doing business in Pennsylvania as defined by §8309, *supra*. *Wenzel v. Morris Distributing Co., Inc.*, 439 Pa. 364, 266 A.2d 662 (1970). That statute is expressly intended to extend the jurisdiction of the courts of this Commonwealth to the fullest extent permitted by the Fourteenth

Amendment. The pertinent section follows: "(b) *Exercise of full constitutional power over foreign corporations.*—In addition to the provisions of subsection (a) of this section the jurisdiction and venue of courts of the Commonwealth shall extend to all foreign corporations and the powers exercised by them to the fullest extent allowed under the Constitution of the United States." 42 Pa. C.S. §8309(b).

In *Cecere v. Ohringer Home Furniture Company*, 208 Pa. Superior Ct. 138, 220 A.2d 350 (1966), the court stated at 147-148: "To allow a company to send its products into interstate commerce and yet remain subject to suit only within its own state borders appears patently unfair. . . . The forum state has a substantial interest in taking jurisdiction over a non-domiciliary which is responsible for the shipment into the state of a defective or negligently manufactured product."

In maintaining that an extension of jurisdiction fell within due process limits, the Pennsylvania Supreme Court in *Wilk v. Ensign-Bickford Co.*, 421 Pa. 161, 218 A.2d 778 (1966), held that a foreign corporation which places a defective instrumentality into the stream of commerce, causing an injury in Pennsylvania, is not insulated from answering in our courts when assets are available for attachment here. A foreign corporation should be similarly prepared to answer in our courts for injuries caused, even if its assets are not by chance located here. The Long-Arm Statute was passed after the adoption of the Restatement of Torts (Second) §402A (1965), and, therefore, further substantiates the inference that the legislature intended to make amenable to Pennsylvania jurisdiction those foreign corporations whose products cause damage or injury in Pennsylvania, however circuitous their distributive chain may be.

In the instant case, service of process was effectuated upon the appellees in compliance with §8307 of the Pennsylvania Long-Arm Statute which states:

"Process directed to persons under this chapter shall be served, by the officer to whom such process shall be directed, upon the Department of State, by sending by registered or certified mail, postage prepaid, a true and attested copy of such process, with the fee required by law, and by sending to the defendant, by registered or certified mail, postage prepaid, a true and attested copy thereof, with an endorsement thereon of the service upon the Department of State, addressed to such defendant at his last known address. The Department of State shall keep a record of the day and hour of the service of such process on it. The registered or certified mail return receipts of the Department of State and of such defendant shall be attached to and made a part of the return of service of such process, except that if the defendant refuses to accept the notice mailed, or cannot be found at his last known address, the registered or certified mail return receipt or other evidence of such facts shall be attached to and made a part of the return and shall constitute sufficient service under the provisions of this section. The fee paid by the plaintiff to the Department of State at the time of the service shall be taxed as costs to the plaintiff, if he prevails in the action necessitating the service of the process."

We find the manner of service in the instant appeal to be proper and, therefore, reverse the order of the lower court. The case is remanded for further proceedings consistent with this opinion.

JACOBS, J., concurs in the result.