## PACIFIC INTERMOUNTAIN EXPRESS CO., Appellant,

v.

## HAWAII PLASTICS CORPORATION et al.

### No. 75–1445.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) Dec. 8, 1975.

Decided Jan. 9, 1976.

Arthur L. Jenkins, Jr., Smith, Aker, Grossman, Hollinger & Jenkins, Norristown, Pa., for appellant.

William E. Taylor, III, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for appellees.

Leonard Dubin, Philadelphia, Pa., for appellees, Hawaii Plastics Corp. and Frank W. S. Seto.

Spencer Ervin, Jr., Philadelphia, Pa., for appellee, Plasti-Vac, Inc.

Joel Paul Fishbein, Philadelphia, Pa., for appellee, Central Motor Lines, Inc.

Roger J. Harrington, Philadelphia, Pa., for appellee, IML Freight, Inc.

### OPINION OF THE COURT

Before SEITZ, Chief Judge, GIBBONS and ROSENN, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the district court dismissing plaintiff's complaint.

Plaintiff's complaint sought, inter alia, a declaratory judgment that it was not liable to any of the defendants for any damages claimed by certain of the defendants in an action brought by such

---

defendants in the district court for the District of Hawaii. Thereafter, most of the defendants in this action filed pleadings raising the defense of lack of jurisdiction over the person and the subject matter. Certain defendants also raised lack of proper venue as a defense to the action.

The district court did not address the jurisdictional or venue issues. Rather, it dismissed the complaint solely in an exercise of the discretion permitted it under the declaratory judgment statute.

 It is clear to us that a district court is not permitted to dispose of a case against a party on non-jurisdictional grounds until it first determines that it has jurisdiction over such party. Generally, at least, any non-jurisdictional conclusion which is premised on an erroneous exercise of jurisdiction would constitute mere dicta. The matter must therefore be remanded to first determine the jurisdictional issues.

We note that venue objections have also been raised. We think the district court, depending on its jurisdictional rulings, should also rule on the venue question before reaching any issue of the exercise of its discretion. Such rulings, like its jurisdictional rulings, may well be relevant to any exercise of discretion here.

The judgment of the district court will be vacated and the matter remanded for further proceedings consistent with this opinion.