**Esther S. STAMBAUGH**

v.

**J. H. William STAMBAUGH.**

Civ. A. No. 75–2377.

United States District Court, E. D. Pennsylvania.

Jan. 7, 1977.

Garland D. Cherry, Media, Pa., for plaintiff.

Harold Cramer, Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

EDWARD R. BECKER, District Judge.

On June 24, 1975, the plaintiff Esther S. Stambaugh filed a complaint in the Court of Common Pleas of Delaware County, Pennsylvania, against her husband, alleging fraud in the procurement of a Florida divorce decree in 1969.[1] The action was sub-

---

1. The separation of Esther S. Stambaugh and J. H. William Stambaugh in July 1966, generated litigation which has lasted for a decade. *See Stambaugh v. Stambaugh,* 458 Pa. 147, 329 A.2d 483 (1974). In 1966 Esther Stambaugh, the plaintiff herein, sued in Delaware County, Pennsylvania, for a divorce from bed and board; shortly thereafter the defendant Wil-

sequently removed to this court pursuant to 28 U.S.C. § 1441 (1970) as within our diversity jurisdiction. All of the elements of the plaintiff's claim are alleged to have occurred by the date of the Florida decree. This memorandum addresses defendant's motion to dismiss for lack of personal jurisdiction.[2]

▮ Plaintiff in her memorandum argues that the defendant's actions amounted to the commission of "a tortious act within this Commonwealth . . ." and that therefore the defendant is subject to long-arm jurisdiction under 42 P.S. § 8303 (1976 Supp.). Plaintiff also suggests that long-arm jurisdiction may be based upon section 8304 because defendant, although domiciled in Florida,[3] has done business in Pennsylvania through the real estate firm of Reed & Stambaugh, both before and after the divorce decree. For the reasons expressed herein, we believe that the requirements of 8303 and 8304 have not been met and that this action must be dismissed for lack of personal jurisdiction.

In *Sussman v. Yaffee,* 443 Pa. 12, 275 A.2d 364 (1971), the Supreme Court of Pennsylvania explained that provisions relating to long-arm service on nonresidents create "a procedural right to be given full effect as of the time an action is instituted." 443 Pa. at 15, 275 A.2d at 366. That case arose from the claimed fraudulent sale of property in 1970 and involved a prior version of the Pennsylvania long-arm statute (12 P.S. § 341) which provided as follows:

From and after the passage of this act, any nonresident of this Commonwealth who . . . shall have committed a tortious act within this Commonwealth, or any such individual who at the time of the commission of the tortious act within the Commonwealth was a resident of this Commonwealth who shall subsequently become a nonresident or shall conceal his whereabouts, shall be conclusively presumed to have designated and constituted the Secretary of the Commonwealth of Pennsylvania as his agent for the service of process in any civil action or proceedings instituted in the courts of the Commonwealth of Pennsylvania against such individual.

Notably, there was no express time limitation on the applicability of section 341. *See Kilian v. Allegheny County Distributors,* 409 Pa. 344, 185 A.2d 517 (1962) (applying a still earlier long-arm provision which contained no time restrictions on applicability).

On November 15, 1972, Pennsylvania amended its long-arm statute and repealed the section at issue in *Sussman.* 42 P.S. §§ 8301 *et seq.* (1976 Supp.). Section 8303 now extends long-arm jurisdiction to a defendant "who . . . shall have committed a tortious act within this Commonwealth *on or after* August 30, 1970." (Emphasis supplied.) By this change in statutory language, *Sussman* was in effect over-

liam Stambaugh sued for divorce in Florida, the state of his new residence. The Delaware County court then enjoined the Florida proceeding, but to no avail, for in 1969 Mr. Stambaugh obtained a final divorce decree. The Delaware County divorce suit was decided in 1972 and an appeal followed first to the Superior Court and then, finally, in 1974 to the Pennsylvania Supreme Court, where the Florida divorce decree was upheld. The present action was instituted in the Court of Common Pleas of Delaware County, Pennsylvania, on June 24, 1975, and was thereafter removed to this court. It is now the plaintiff's contention that the defendant deceived her: (1) in proceeding with the Florida action despite his emotional blandishments and his representations that he would not proceed and (2) in presenting falsified evidence in the Florida suit after assuring plaintiff that he would not do so.

2. Defendant's motion to dismiss includes a variety of other grounds: failure to state a claim upon which relief can be granted; *res judicata* and collateral estoppel; the bar of the statute of limitations; and defective service. The *res judicata* and collateral estoppel claims of course raise the contention that the plaintiff is attempting to relitigate matters already decided adversely to her. (*See* note 1 *supra*). Because we find personal jurisdiction to be lacking, we cannot address these other grounds which involve the merits of plaintiff's case. *Pacific Intermountain Express Co. v. Hawaii Plastics Corp.,* 528 F.2d 911 (3d Cir. 1976).

3. *Stambaugh v. Stambaugh,* 458 Pa. 147, 329 A.2d 483 (1974).

ruled, for upon the passage of 8303 a plaintiff who filed suit on August 31, 1970, alleging that a defendant committed a tortious act in Pennsylvania on August 29, 1970, was expressly excluded from coverage. Section 8305 similarly negated the *Sussman* approach by applying long-arm jurisdiction only to defendants "who, acting outside of this Commonwealth . . . shall have caused any harm within this Commonwealth *on or after* August 30, 1970."[4] (Emphasis supplied.) Thus to the extent the plaintiff herein seeks to rely upon section 8303 or, although she has not so argued, upon 8305, she plainly cannot succeed, for her cause of action arose prior to the August 30, 1970, cutoff.

The plaintiff has, however, also invoked section 8304, which provides for long-arm jurisdiction based upon "doing business," as defined in section 8309. Section 8304 also makes reference to the August 30 date. It provides as follows:

> § *8304. Doing business by individuals*
>
> Any nonresident of this Commonwealth who, acting individually under or through a fictitious business name, or through an agent, servant or employee, *shall have done any business in this Commonwealth on or after August 30, 1970,* or a resident of this Commonwealth who shall have done business in this Commonwealth on or after August 30, 1970 and thereafter shall have become a nonresident of this Commonwealth or shall conceal his whereabouts, *shall be conclusively presumed to have designated the Department of State as his agent for the receipt of service of process* in any civil action or

proceeding instituted in the courts of this Commonwealth *against such individual, if and only if at the time the cause of action accrued or the harm or financial loss occurred, the nonresident* or the resident who shall thereafter have become a nonresident, *shall have been doing any business within this Commonwealth as heretofore provided.* [Emphasis supplied.]

After a careful reading of this section, we are persuaded that 8304 is available only when the cause of action accrued or harm or loss occurred after August 30, 1970. To be more specific, 8304 renders a nonresident defendant subject to long-arm jurisdiction if he has done business in Pennsylvania on or after August 30, 1970, *and* if "at the time the cause of action accrued or the harm or financial loss occurred" the defendant "shall have been doing any business within this Commonwealth *as heretofore provided.*" (Emphasis supplied.) Doing business "as heretofore provided" must mean doing business on or after August 30, 1970, since that is the only previous reference in 8304 to doing business.

If 8304 did not mean that plaintiff's cause of action and defendant's "doing business" must concur at a time on or after August 30, 1970, then it would have to mean that for causes of action accruing before that date a defendant is subject to long-arm jurisdiction if he is doing business (1) at the time the cause of action arises *and* (2) sometime (anytime) after August 30, 1970. We think the legislature did not intend such a peculiar construction, but rather intended to limit the application of 8304 to causes of action arising after August 30, 1970, precisely as it did in 8303 and 8305.[5] *Cf.* 1 P.S. § 1922(1) (1976–77 Supp.).

It is apparent that the difference in wording between 42 Pa.S. § 8305 and the statutory provision which it replaced, 12 P.S. § 343, was the result of a conscious effort to eliminate precisely that ambiguity. *See Sussman v. Yaffee,* 443 Pa. 12, 275 A.2d 364 (1971). Although not directly raised in this case, § 8305 is important insofar as its relationship to §§ 8303 and 8304 is concerned.

4. Personal jurisdiction over a nonresident defendant based upon his "causing harm" within Pennsylvania therefore exists only as to claims arising out of harm caused on or after August 30, 1970. In *Zimmerman v. Zimmerman,* 395 F.Supp. 719, 722–24 (E.D.Pa.1975) (Bechtle, J.), the court observed:

> This Court believes that the statutory language is clear on its face. Unlike the original "causing harm" section (footnote omitted), 42 Pa.S. § 8305 should not be read to validate service of process in suits based on injury resulting from acts which occurred prior to the date specifically mentioned in the statute.

5. *See generally Columbia Metal Culvert Co., Inc. v. Kaiser Indus. Corp.,* 526 F.2d 724 (3d Cir. 1975). In *Columbia Metal* the court described section 8304 as follows: "That statute permits substituted service on any nonresident

We are aware that our view of 8304 may be asserted to conflict with the decision in *Deere v. Zilber*, 234 Pa.Super. 273, 338 A.2d 615 (1975), where 8304 jurisdiction was upheld against a defendant who did business in Pennsylvania apparently no later than in 1966. However, *Deere* is distinguishable from the present case in two important respects. First, the defendant in that case (a California general partnership) was treated as a foreign corporation which did business in Pennsylvania in 1966 by selling and shipping sauna bath heaters to a customer in Pennsylvania. Secondly, the cause of action arose out of a claimed defect in a sauna heater and thus arose directly out of the defendant's business activity in Pennsylvania. Because section 8309(b) extends long-arm jurisdiction over corporations to the full reach consistent with due process, the Superior Court may have been saying (although not expressly) that the legislature did not intend the time limitation in 8304 to apply in such circumstances. In the case before us, however, the defendant has been sued in his capacity as an individual on a cause of action unrelated to his asserted business activities in Pennsylvania. The Pennsylvania Supreme Court has instructed that in such a setting *substantial* business activities must be shown before 8304 long-arm jurisdiction will attach. *Bork v. Mills*, 458 Pa. 228, 329 A.2d 247 (1974). If the time limits expressed in section 8304 are to have any meaning at all, they must be applied in the circumstances of this case, and thus there is justification for declining to extend the holding of *Deere*.

Alternatively, however, if *Deere* is not distinguishable, we believe that its reliance upon *Sussman* was mistaken in view of the plain requirement in section 8304 that the "doing business" must occur on or after August 30, 1970. *See Kader v. First National Bank of Fort Myers*, 387 F.Supp. 535, 537 (W.D.Pa.1975). *Sussman* itself was an interpretation of the now repealed section 341. And the *Sussman* court itself, in inter-

preting that long-arm statute, remarked: "We cannot change the clear language of the Act." 443 Pa. at 15, 275 A.2d at 366. We believe that there is ample indication that the Pennsylvania Supreme Court would decline to follow *Deere* in the circumstances of this case. *See Pritchard v. Liggett and Myers Tobacco Co.*, 350 F.2d 479, 485 (3d Cir. 1965), *cert. denied*, 382 U.S. 987, 86 S.Ct. 549, 15 L.Ed.2d 475 (1966).

For the above reasons, the plaintiff's action must be dismissed for want of personal jurisdiction.

---

individual who was doing business in Pennsylvania on or after August 30, 1970, 'at the time the cause of action accrued or the harm or financial loss occurred.'" *Id.* at 726. We ac-

knowledge, of course, that the court in that case did not have the time limitation issue before it.