407 A.2d 452

**Joseph RANIELI and Theresa Ranieli, Appellants,**

**v.**

**Mario SINDACO, M.D. and the Pittston Hospital.**

Superior Court of Pennsylvania.

Argued March 20, 1979.

Decided July 20, 1979.

Howard Finkelman, Philadelphia, for appellants.

B. Todd Maguire, Wilkes-Barre, for appellees.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from an order sustaining the preliminary objections of defendant Mario Sindaco, M.D., challenging the

lower court's *in personam* jurisdiction over him. Plaintiff contends that Section 8303 of the Pennsylvania Long-Arm Statute of 1972[1] allows the court to exercise jurisdiction over Dr. Sindaco. We agree and, therefore, reverse the order of the court below and remand for further proceedings.

Plaintiff's complaint alleges that Dr. Sindaco incompletely and negligently performed gall bladder surgery on him on or about September 20, 1966, at which time Dr. Sindaco was a Pennsylvania resident, causing plaintiff continuous pain and suffering until the remnants of his gall bladder were subsequently discovered and removed by further surgery on September 6, 1974. Dr. Sindaco terminated his practice in November of 1973 and moved to Florida, where he has been a resident ever since.

Section 8303 of the Long-Arm Statute provides as follows:

"Any nonresident of this Commonwealth who, acting individually, under or through a fictitious business name, or through an agent, servant or employee, shall have committed a tortious act within this Commonwealth on or after August 30, 1970, or any such individual who at the time of the commission of the tortious act within this Commonwealth was a resident of this Commonwealth who shall subsequently become a nonresident or shall conceal his whereabouts, shall be conclusively presumed to have designated the Department of State as his agent for the receipt of service of process in any civil action or proceeding instituted in the courts of this Commonwealth against such individual."

Because jurisdiction and service of process are procedural matters, the time of the commencement of the lawsuit determines what law is applicable to the case. *Monroeville Land Company, Inc. v. Sonnenblick-Goldman Corp. of West-*

1. Act of November 15, 1972 P.L. 1063, No. 271, § 8303; 42 Pa.C.S.A. § 8303. The current Pennsylvania Long-Arm Statute did not become effective until after the instant action was commenced. *See* Act of July 9, 1976 P.L. 586, No. 142, § 2; 42 Pa.C.S.A. § 5321 et seq., effective June 27, 1978.

*ern Pennsylvania,* 247 Pa.Super. 61, 67, 371 A.2d 1326, 1329 (1977); *Deere v. Zilber,* 234 Pa.Super. 273, 275, 338 A.2d 615, 616 (1975). In *Deere* we explicitly held that a lawsuit commenced on May 11, 1973 to recover damages for a tortious act committed on January 11, 1970, would be controlled by the Long-Arm Statute of 1972, and therefore upheld service of process there made in conformity with that Statute.

■ *Deere* controls this case. Although the alleged tortious act here was committed in 1966, the action was not commenced until February 14, 1977, when a Writ of Summons was served on the Commonwealth Secretary. Because the in-state tortious act here alleged was committed by a then resident of the Commonwealth who subsequently became a non-resident, it is conclusively presumed that Dr. Sindaco designated the Commonwealth Secretary as his agent for the receipt of service of process. 42 Pa.C.S.A. § 8303. Because the court below had *in personam* jurisdiction over him, Dr. Sindaco should have been required to defend this lawsuit on the merits.

Order reversed and case remanded.