419 A.2d 16

Marion R. KIESER

v.

LIT BROTHERS, Division of City Stores, Inc., and Charles Komar and Sons, Inc., and Collins and Aikman Corp., Sterling Laces, Inc., Lady Carol Laces, Inc., and Imperial Best Made Quilting Corp.

Appeal of IMPERIAL BEST MADE QUILTING CORP.

Superior Court of Pennsylvania.

Argued June 20, 1979.

Filed Jan. 18, 1980.

David M. Kozloff, Wyomissing, for appellant.

David E. Turner, Reading, for Collins and Aikman Corp., Sterling Laces, Inc., Lady Carol Laces, Inc., appellees.

Kenneth E. Sands, Jr., Reading, will not file a brief on behalf of Lit Brothers, Division of City Stores, Inc. and Charles Komar and Sons, Inc., appellees.

Before HESTER, HOFFMAN and CATANIA,* JJ.

HESTER, Judge:

This is an appeal from an order of the Court of Common Pleas of Berks County, dismissing preliminary objections raised by appellant.

---

* President Judge FRANCIS J. CATANIA of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

Marion R. Kieser initiated an action in trespass and assumpsit against Lit Brothers and Charles Komar and Sons, Inc. The complaint alleged that a robe purchased from Lit Brothers and manufactured by Komar ignited and caused Ms. Kieser severe burns when a pack of matches she was using accidently burst into flame and fell on to the robe.

Komar, Inc. joined Collins and Aikman Corp. alleging that Collins had supplied the fabric used in the manufacture of the robe. In turn, Collins and Aikman joined Imperial Best Made Quilting Corp. (appellant herein) asserting that they performed quilting operations on the fabric.

Appellant, when joined, filed preliminary objections asserting the court lacked jurisdiction over it. The lower court overruled the objections and this appeal followed.

Appellant asserts that its contacts with Pennsylvania are insufficient to permit Pennsylvania courts to exercise in personam jurisdiction over it without violating due process.

Under § 8302 of the Pennsylvania Long Arm Statute, Act of November 15, 1972, P.L. 1063, No. 271, 42 Pa.C.S. § 8301 et seq.: (substantially reenacted in the Judicial Code, 42 Pa.C.S. §§ 5301–5308, 5322) a foreign corporation which "does business" within the Commonwealth shall be presumed to have authorized the Department of State to accept service of process in any action arising within the Commonwealth.

Thus, whether the lower court acted properly in dismissing the objections of the appellant depends on whether appellant was "doing business" in Pennsylvania as defined under the Long Arm Statute.

Under § 8309(a) of the Long Arm Statute, "the shipping of merchandise directly or indirectly into or through this Commonwealth" shall constitute "doing business."

The court below found that when appellant did contract work for Komar, Inc., (that is, quilting fabric which was sold to Komar, then manufactured into garments and then sold in interstate commerce), its actions amounted to indirectly shipping material into Pennsylvania, and thus "doing business" within the meaning of the statute.

Case law demonstrates that this finding by the lower court was correct.

In *Proctor and Schwartz, Inc. v. Cleveland Lumber Co.*, 228 Pa.Super. 12, 323 A.2d 11 (1974), our court in discussing the Long Arm Statute stated: "The 1972 amendments . . seek to remove all Pennsylvania statutory and, therefore, decisional impediments to the exercise of in personam jurisdiction over foreign corporations.

Similarly, in *Deere v. Zilber*, 234 Pa.Super. 273, 338 A.2d 615 (1975), while discussing the Long Arm Statute, our court reasoned that the legislative intent of the statute was to "make amenable to Pennsylvania, jurisdiction over those foreign corporations whose products cause damage or injury in Pennsylvania, however circuitous their distributive chain may be."

Here, appellant's position is that since they had no knowledge that their product would be shipped to Pennsylvania and since they maintained no offices in Pennsylvania, clearly, no jurisdiction could be found.

However, we find no requirement that a distributor must have knowledge that its product will enter the Commonwealth, only that he place it in such channels of commerce where it is reasonably foreseeable that it would enter the Commonwealth. See *McCrory Corp. v. Girard Rubber Corp.*, 225 Pa.Super. 45, 307 A.2d 435 (1973).

The realities of the business world must be recognized. Here it can reasonably be said that appellant knew its product would be shipped into interstate commerce. ". . . Economic and business reasons dictate that goods will pass through any number of people in a distributive chain before they reach the ultimate consumer. It is the movement of goods through this distributive chain that in this case constitutes an 'indirect shipment.'" *Benn v. Linden Crane Co.*, 326 F.Supp. 995, 997 (E.D.Pa.1971).

Thus we find that appellant's activities amounted to "doing business" with the Commonwealth.

However, we must now determine whether this exercise of jurisdiction offends due process. In *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the U.S. Supreme Court held that due process requires only that the defendant, if he not be present within the territory of the forum, have certain minimum contacts with it so that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

In *Proctor and Schwartz*, supra, our court developed guidelines to determine whether the requisite guidelines are present in a given case.

"*First*, the defendant must have purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws. *Hanson v. Denckla* [357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283], supra. *Secondly*, the cause of action must arise from defendant's activities within the forum state. See *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374 (6th Cir. 1968); *Electric Regulator Corp. v. Sterling Extruder Corp.*, 280 F.Supp. 550 (D.Conn.1968). *Lastly*, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable. *International Shoe Co. v. Washington*, supra; *see Southern Mach. Co. v. Mohasco Indus., Inc.*, supra; *see also In–Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220 (6th Cir. 1972); *Kourkene v. American BBR, Inc.*, 313 F.2d 769 (9th Cir. 1963)." (Id., 228 Pa.Super. 12 at 323 A.2d 15) (Emphasis supplied)

Here we believe that the requirements have been fulfilled. First, by introducing its goods into interstate commerce and by the subsequent distributive chain into Pennsylvania, appellant has availed itself of acting within the forum state.

Secondly, clearly if the first is true, then there is no question that appellant's activities within the state related to the cause of action. The cause of action arose from appellant's activity within Pennsylvania.

Finally, we believe the "acts" of the appellant in Pennsylvania made the exercise of jurisdiction reasonable where appellant had placed its product in commerce so as to reach Pennsylvania.

Thus we see no injustice in requiring them to defend it here.

Order of lower court affirmed.