**EARL WATLEY, Plaintiff**

v.

**VIRGIN ISLANDS INDUSTRIAL GASES, INC., a corporation, AMTROL, INC., a corporation, and E. I. DU PONT DE NEMOURS & CO., FREON PRODUCTS DIVISION, a corporation, Defendants**

Civil No. 82-92

District Court of the Virgin Islands

Div. of St. Croix

May 24, 1983

ALBERT A. SHEEN, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

ALEXANDER A. FARRELLY, ESQ. (BIRCH, DEJONGH & FARRELLY), St. Thomas, V.I., *for defendants Du Pont and Virgin Islands Industrial Gases*

JAMES L. HYMES, ESQ., St. Thomas, V.I., *for defendant AMTROL, Inc.*

JOYCE GLASON O'REILLY, ESQ., Assistant Attorney General (Department of Law), Christiansted, St. Croix, V.I., *for third-party defendant Government of the Virgin Islands*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

In this products liability case, the question now presented is whether the Court may exercise in personam jurisdiction over a nonresident defendant consistent with both the Virgin Islands Long-Arm statute, 5 V.I.C. § 4903, and the Due Process Clause[1] of the United States Constitution. Defendant Du Pont De Nemours and Company ("Du Pont") has moved to dismiss the complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). For the reasons which follow, the motion will be denied.

Plaintiff alleges that a certain defective product manufactured by Du Pont subjected him to a tortious injury. It is undisputed that the accident which gives rise to this action occurred in the Virgin Islands. In addition, the following jurisdictional facts are uncontested: (1) Du Pont's direct sales to the Virgin Islands amounted on average, to about $3,860,000.00 per year during the fiscal years 1977–1981; (2) Du Pont maintains distributorship agreements with seven firms licensed to do business in the Virgin Islands; (3) Du Pont provides printed promotional and descriptive material to at least one Virgin Islands distributor, Virgin Islands Industrial Gases, Inc. (a named defendant herein); and (4) Du Pont's own sales representatives have visited the territory to solicit business and to supply technical advice to its distributors.

The provision of the long-arm statute implicated here is subsection (a)(4) of 5 V.I.C. § 4903. It provides as follows:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent as to a claim for relief arising from the person's . . .
>
> causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory . . . .

The most recent pronouncement by our Court of Appeals on the scope of subsection (a)(4) is found in Hendrickson v. Reg O Co., 657 F.2d 9 (3rd Cir. 1981). There the Court held as follows:

---

[1] Made applicable in the Virgin Islands by virtue by section 3 of the Revised Organic Act, as amended. 48 U.S.C. §§ 1541–1561.

Although each category in § 4903(a)(4) will independently support jurisdiction, all three may also be considered in combination. Thus, a defendant's activities, including a course of conduct, soliciting business and deriving revenue from goods being used in the territory, may be sufficient cumulatively to establish a jurisdictional presence, even though no single element would suffice.

Id. 657 F.2d at 12.

In the instant case, we have no hesitation in concluding that the volume of Du Pont's sales in the Virgin Islands—even if "slight in terms of its percentage of total sales"—has not been "isolated or exceptional . . . but [has been] part of a regular course of dealing." Id. at 13. The test of "substantiality" repeatedly set forth by this Court is met here. See, e.g., Boyce Plumbing and Electrical Co. v. Witco Chemical Corp., 1982 St. T. Supp. 145 (D.V.I. May 14, 1982); Norman's On the Waterfront v. West Indies Corp., 10 V.I. 495 (D.V.I. 1974).

■ In addition, the record establishes that Du Pont's promotional and distribution methods in the territory—including the physical presence of its sales representatives—amounts to the type voluntary business seeking activity contemplated by the statute. While it is true that Du Pont has not made direct sales with consumers in the Virgin Islands, we have previously held that where a nonresident manufacturer has obtained significant revenues from the territory through a local distributor, jurisdictional contacts can be imputed to the manufacturer through its distributor.[2] Boyce Plumbing and Electrical Supplies, Inc. v. Witco Chemical Corp., supra, 1982 St. T. Supp. at 148. See also, Dickson v. Hertz Corp., 559 F.Supp. 1169 (D.V.I. 1983).

■ The fact that the defendant had no knowledge that its products would be shipped to the Virgin Islands or that title to its products passed in another jurisdiction is immaterial. Under our long-arm statute there is no requirement that a manufacturer "must have knowledge that its product will enter the [territory], only that he place it in such channels of commerce where it is reasonably foreseeable that it would enter the [territory]." Kieser v. Lit Broth-

---

[2] Nor can jurisdiction be defeated on the basis that the particular product at issue does not account for the largest percentage of the defendant's sales in the forum. "The course of conduct which establishes jurisdiction need have no relationship to the tortious action." Hendrickson, supra, 657 F.2d at 12.

ers, 419 A.2d 16, 17 (Pa. Super. 1980) (applying 1972 Pennsylvania long-arm statute).

■ We find that the "cumulative" effect of Du Pont's direct and indirect contacts with the Virgin Islands forms a sufficient basis on which it may properly be subject to the in personam jurisdiction of the Courts of the territory under the terms of 5 V.I.C. § 4903(a)(4).

■■ Finally, we conclude that the exercise of jurisdiction over Du Pont is entirely consistent with due process guarantees. When measuring the interest of the forum jurisdiction in resolving the dispute, the interest of plaintiff in obtaining relief in the chosen forum, and the relevant contacts of the defendant with the forum, it is plain that "the maintenance of the suit [here] [will] not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The chosen forum is reasonable insofar as "[i]t is of manifest importance to the Virgin Islands that its residents are provided an effective means of redress when they are injured by [allegedly] defective products." Boyce Plumbing and Electrical Supplies, Inc., supra, 1982 St. T. Supp. at 151. Nor will the exercise of jurisdiction here impose undue surprise upon Du Pont. The Supreme Court has stated that the "forum state does not exceed its powers if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." World-Wide Volkswagen v. Woodson, 444 U.S. 286, 298 (1980). The same analysis has been applied even where the manufacturer's forum related sales are derived solely through its distribution network. Oswalt v. Scripto, Inc., 616 F.2d 191, 198–202 (5th Cir. 1980); Gray v. American Radiator and Standard Sanitary Corp., 176 N.E.2d 761, 766 (Ill. 1961). See also, Raymond v. Lincoln Electric Welding Co., 1982 St. X. Supp. (D.V.I. July 28, 1982).

■ In sum, subjecting defendant Du Pont to the jurisdiction of this Court is constitutionally permissible based on the convenience of the forum for plaintiff, the strong interest of the forum in the litigation, the sufficiency of defendant's contacts with the forum and the absence of any measurable burden to the defendant.

### ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendant Du Pont De Nemours and Company for dismissal of the complaint be, and the same is hereby, DENIED.